## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ALZEERA, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>AVIS BUDGET CAR RENTAL, LLC,<br><br>*Defendant*. | Case No.: 1:26-cv-01026-LMB-WEF |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PURSUANT TO THE FIRST-TO-FILE RULE AND MOTION TO DISMISS THE FLSA CLAIMS IN PART FOR LACK OF PERSONAL JURISDICTION

## TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND......................................................... 2

III.  ARGUMENT..................................................................................................... 4

    A.  The First-to-File Rule is Discretionary and Does Not Require Dismissal or a Stay........................................................................................................ 4

    B.  *Kaynaroglu* Does Not Subsume This Case Because It Does Not Certify, Settle, or Adjudicate a Virginia Rule 23 Class. ....................................... 6

    C.  Avis's Cases Do Not Support Dismissal or a Stay Where the First-Filed Case Will Not Bind Nonparticipants or Resolve the Later-Filed State Law Class Claims........................................................................................... 7

    D.  The Equities Weigh Against Both Dismissal and a Stay..................................... 10

    E.  Avis's Personal-Jurisdiction Argument is Moot Because Plaintiff Seeks a Virginia-Only Collective. ...................................................................... 12

IV.  CONCLUSION.................................................................................................... 13

**Table of Authorities**

**Cases**

*Anderson v. Electrolux Home Products, Inc.*, No. 3:23-CV-560-RJC-DCK
2024 U.S. Dist. LEXIS 173814 (W.D.N.C. Aug. 30, 2024) ......................................................10

*Blackwell v. Midland Credit Management, Inc.*, No. 2:18-cv-2205-RMG,
2018 U.S. Dist. LEXIS 177788 (D.S.C. Oct. 15, 2018) ...............................................................9

*Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc.*,
140 F.2d 47 (4th Cir. 1944) .........................................................................................................5

*City Antiques, Inc. v. Planned Furniture Promotions, Inc.*, No. 3:14-cv-00467-SI,
2014 U.S. Dist. LEXIS 111828 (D. Or. Aug. 12, 2014) ..............................................................5

*Dolan v. Ford Motor Co.*, No. 3:23-cv-512,
2023 U.S. Dist. LEXIS 222593 (E.D. Va. Dec. 12, 2023) ...........................................................5

*First City National Bank & Trust Co. v. Simmons*,
878 F.2d 76 (2d Cir. 1989) ...........................................................................................................5

*Futurewei Technologies, Inc. v. Acacia Research Corp.*, No. SACV 12-0511 AG (JPRx),
2012 U.S. Dist. LEXIS 189582 (C.D. Cal. Oct. 22, 2012) ..........................................................9

*Gibbs v. Haynes Invs., LLC*,
368 F. Supp. 3d 901 (E.D. Va. 2019) ....................................................................................4, 5, 9

*Gonzalez v. Homefix Custom Remodeling Corp.*,
670 F. Supp. 3d 337 (E.D. Va. 2023) ..........................................................................................8

*James v. LoanCare, LLC*, No. 2:15cv512,
2016 U.S. Dist. LEXIS 200473 (E.D. Va. Feb. 16, 2016) ...........................................................9

*Kendus v. USPack Services LLC*, No. SAG-19-00496,
2020 U.S. Dist. LEXIS 40670 (D. Md. Mar. 10, 2020) ...............................................................8

*McColley v. Pacific Maritime Ass'n*, No. 3:25-CV-2372-GPC-MSB,
2026 U.S. Dist. LEXIS 6662 (S.D. Cal. Jan. 13, 2026) ...............................................................9

*Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751 (PAE),
2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012) ............................................................9

*Ortiz v. Panera Bread Co.*, No. 1:10CV1424,
2011 U.S. Dist. LEXIS 85463 (E.D. Va. Aug. 2, 2011) ...............................................................7

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) ......................................................................................................5, 9

*Savada v. RRH Energy Services, LLC*,
808 F. Supp. 3d 702 (D. Md. 2025) .........................................................................................8, 9

**Statutes**

29 U.S.C. § 216 ..................................................................................................................3, 6

29 U.S.C. § 256 ................................................................................................................6, 11, 12

29 U.S.C. §§ 201 ...............................................................................................................1

Va. Code § 40.1-29 ...........................................................................................................1

Va. Code § 40.1-29.2 .........................................................................................................1

**Other**

Fed. R. Civ. P. 23 ....................................................................................................... *passim*

Plaintiff Ali Alzeera respectfully submits this memorandum in opposition to Defendant Avis Budget Car Rental, LLC's Motion to Dismiss or, in the Alternative, to Stay Pursuant to the First-to-File Rule and Motion to Dismiss the FLSA Claims, in Part, for Lack of Personal Jurisdiction. Doc. 9.

## I.    INTRODUCTION

Avis does not identify any pleading defect in Plaintiff's Complaint. It does not argue that Plaintiff failed to plausibly allege that Avis misclassified him and similarly situated Virginia Operations Managers as exempt, required them to work more than forty hours per week, and failed to pay overtime compensation required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"), and the Virginia Wage Payment Act, Va. Code § 40.1-29 ("VWPA"). Nor does Avis contend that Plaintiff's individual claims have been released, adjudicated, or otherwise extinguished.

Instead, Avis asks this Court to dismiss or stay this Virginia wage action because a separate FLSA collective action pending in the District of New Jersey, *Kaynaroglu et al. v. Avis Budget Car Rental LLC*, No. 2:24-cv-06828-BRM-AME (D.N.J.), has reached a proposed FLSA opt-in settlement. Avis's motion rests on a false premise: that the New Jersey FLSA settlement "subsumes" this case. It does not. The *Kaynaroglu* settlement is not a Rule 23 settlement of Virginia wage claims. It does not certify a Virginia class. It does not adjudicate whether Avis violated VOWA or VWPA. It does not bind any Virginia employee who does not affirmatively submit a claim form and release. And it does not provide a procedural vehicle for absent Virginia employees to obtain classwide relief under Virginia law.

The first-to-file rule is a discretionary doctrine of federal comity and case management. It is not a jurisdictional bar. It does not require dismissal or a stay merely because two cases share some factual overlap. And it should not be used to force Virginia employees into an unapproved

1

opt-in settlement, or to halt a Virginia Rule 23 opt-out action that the New Jersey case does not and will not resolve. Because Avis has not shown that *Kaynaroglu* will bind Plaintiff, bind absent Virginia employees, or resolve the Virginia statutory class claims asserted here, Avis has not carried its burden to justify dismissal or a stay.

Avis's personal jurisdiction argument fares no better. The Complaint defines "Class Members" by reference to employees who worked for Avis under Operations Manager or similar job titles at Virginia locations. Doc. 1 ¶ 8. Plaintiff's FLSA collective allegations incorporate that definition. *Id.* ¶ 40. To avoid any possible dispute, Plaintiff clarifies that he seeks to represent only Operations Managers and similarly situated employees who worked for Avis in Virginia during the applicable recovery period. Thus, Avis's request to dismiss hypothetical claims of non-Virginia employees is moot.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on April 14, 2026. Doc. 1. Plaintiff is a Virginia domiciliary. *Id.* ¶ 2. Avis is a Delaware limited liability company that operates car-rental facilities throughout Virginia, including Washington Dulles International Airport, Ronald Reagan Washington National Airport, Charlottesville Airport, Lynchburg Regional Airport, Newport News/Williamsburg International Airport, Norfolk International Airport, Richmond International Airport, Roanoke Regional Airport, and Shenandoah Valley Airport. *Id.* ¶¶ 5–8.

Plaintiff alleges that Avis employed him and more than fifty similarly situated employees under an Operations Manager or similar job title at Virginia locations. *Id.* ¶ 8. Avis paid Plaintiff and Class Members on a salary basis, classified them as exempt, and failed to pay overtime compensation for hours worked over forty in a workweek. *Id.* ¶¶ 10–14, 22–24, 32–39. Plaintiff alleges that the primary duties of Operations Managers were non-exempt tasks directly tied to Avis's rental car business, including checking in rental cars, checking out rental cars, cleaning and

2

detailing rental cars, moving rental cars, parking rental cars, and assisting customers with renting and returning rental cars. *Id.* ¶¶ 25, 29. Plaintiff further alleges that Operations Managers did not manage Avis employees, did not influence Avis policies or business operations, and did not have independent authority or discretion to hire, fire, discipline, or alter the pay of other employees. *Id.* ¶¶ 26–28.

Plaintiff brings Count I as an FLSA collective action under 29 U.S.C. § 216(b) on behalf of himself and all Class Members who, during the three-year FLSA recovery period, were not paid required overtime compensation for hours worked over forty. *Id.* ¶¶ 40–44, 55–60. Plaintiff brings Counts II and III as Rule 23 class claims under VOWA and VWPA on behalf of the VOWA Class and the VWPA Class. *Id.* ¶¶ 45–54, 61–75.

Avis's motion relies on the separate *Kaynaroglu* action pending in the District of New Jersey. *Kaynaroglu* was filed on June 7, 2024. *Kaynaroglu* Amended Collective and Class Action Complaint, Doc. 54 ¶ 1 (attached hereto as Exhibit A). The amended complaint in *Kaynaroglu* asserts a nationwide FLSA collective claim on behalf of Operations Managers and similarly titled individuals employed by Avis at locations throughout the United States. *Id.* ¶¶ 1, 33. But the Rule 23 claims in *Kaynaroglu* are not Virginia claims. Plaintiff Kaynaroglu asserts New Jersey Wage and Hour Law claims on behalf of New Jersey Operations Managers, and Plaintiff Rodriguez asserts New York Labor Law claims on behalf of New York Operations Managers. *Id.* ¶¶ 2–3, 50–72, 85–107. *Kaynaroglu* does not assert VOWA or VWPA claims and does not seek certification of a Virginia Rule 23 class.

The *Kaynaroglu* parties have now submitted a proposed FLSA settlement for approval. See *Kaynaroglu* Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Settlement Approval, Doc. 77-1 (attached hereto as Exhibit B). The settlement approval memorandum

3

expressly states that, "[f]or settlement purposes, Plaintiffs do not seek class certification of their claims under New Jersey and New York state law," and that "Putative Settlement Collective Members will release their state law claims only if they affirmatively opt in to the settlement." *Id.* at 1 n.2. To become a "Participating Settlement Collective Member," a putative settlement member must submit a Claim Form and Release within forty-five days of the Settlement Administrator's initial mailing of notice. *Id.* at 4–5. Putative Settlement Collective Members who do not timely return a Claim Form and Release "will not release any claims and will not receive a settlement payment." *Id.* at 5. The proposed order likewise binds only the parties and "Participating Settlement Collective Members." *Kaynaroglu* Proposed Order Granting Final Approval of Fair Labor Standards Act Settlement, Doc. 80 ¶¶ 3–4, 8 (attached hereto as Exhibit C).

Avis nonetheless argues that Plaintiff's claims are "barred" under the first-to-file rule because Plaintiff and Virginia Operations Managers may receive notice of the *Kaynaroglu* settlement and may choose to opt in. Doc. 10 at 1–3. That argument fundamentally misunderstands both the first-to-file rule and the limited effect of an FLSA opt-in settlement.

III.    **ARGUMENT**

    A.    **The First-to-File Rule is Discretionary and Does Not Require Dismissal or a Stay.**

The first-to-file rule is not a claim preclusion doctrine, a jurisdictional limitation, or a substitute for Rule 23. It is a discretionary, equitable doctrine designed to promote sound judicial administration where substantially overlapping litigation is pending in multiple federal courts. *See Gibbs v. Haynes Invs., LLC*, 368 F. Supp. 3d 901, 914 (E.D. Va. 2019). In determining whether the doctrine applies, courts generally consider "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *Id.* But even when those

4

threshold factors suggest overlap, application of the doctrine remains "an equitable determination that is made on a case-by-case, discretionary basis." *Id.* at 915.

That discretionary limitation matters here. The first-to-file rule "is not absolute and is not to be mechanically applied." *Id.* at 914. Courts in this District have repeatedly recognized that the rule is a "judge-made case-management tool" that must yield where the equities, procedural posture, or practical consequences do not support deference to the first-filed case. *See Dolan v. Ford Motor Co.*, No. 3:23-cv-512, 2023 U.S. Dist. LEXIS 222593, at *4 (E.D. Va. Dec. 12, 2023). As the party seeking dismissal or a stay, Avis bears the burden of showing that the first-to-file doctrine should be applied in the manner it requests. *See id.* at *4–6.

The Fourth Circuit's own first-to-file authority likewise emphasizes discretion. *Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc.*, 140 F.2d 47, 49 (4th Cir. 1944), explained that "the pendency of a prior suit involving the same issues does not require the dismissal" of a later action. Rather, dismissal was affirmed there because the first-filed action could try all issues with equal facility and the district court acted within its discretion. *See id.*

Avis's authorities confirm the same point. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982), held that the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied," but instead must be applied "with a view to the dictates of sound judicial administration." *First City National Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989), affirmed dismissal without prejudice only after concluding that the first-filed Oklahoma action could resolve the related loan dispute, and it expressly contemplated that the plaintiff could later return to the second forum if the first-filed action did not resolve the dispute. *City Antiques, Inc. v. Planned Furniture Promotions, Inc.*, No. 3:14-cv-00467-SI, 2014 U.S. Dist. LEXIS 111828, at

5

*13–14 (D. Or. Aug. 12, 2014), likewise recognized that a stay may be preferable to dismissal where dismissal could create limitations or claim-preservation concerns.

Thus, the question is not whether the two actions share some factual overlap. They do. The question is whether the putative *Kaynaroglu* FLSA settlement, if approved, will actually resolve Plaintiff's claims and the Virginia class claims asserted here. It will not.

## B.    *Kaynaroglu* Does Not Subsume This Case Because It Does Not Certify, Settle, or Adjudicate a Virginia Rule 23 Class.

Avis's motion repeatedly characterizes this action as "subsumed" within *Kaynaroglu*. Doc. 10 at 1, 3, 9–13. That characterization is wrong.

The *Kaynaroglu* amended complaint asserted an FLSA collective claim, a New Jersey Rule 23 claim, and a New York Rule 23 claim. Ex. A at ¶¶ 1–3, 50–72, 85–107. It did not assert VOWA claims. It did not assert VWPA claims. It did not define a Virginia class. It did not seek certification of Virginia wage claims under Rule 23. By contrast, this case asserts Virginia statutory wage claims under VOWA and VWPA on behalf of Virginia Operations Managers. Doc. 1 ¶¶ 45–54, 61–75.

That difference is not a technicality. Rule 23 class actions and FLSA collective actions operate differently. An FLSA collective binds only employees who affirmatively opt in by filing written consent. 29 U.S.C. § 216(b). For employees who were not named plaintiffs when the complaint was filed, an FLSA action is deemed commenced only when the employee's written consent is filed. 29 U.S.C. § 256(b). Rule 23, by contrast, can bind absent class members only if the procedural protections of Rule 23 are satisfied.

*Kaynaroglu* does not provide those Rule 23 protections for Virginia employees. The settlement approval memorandum expressly states that the *Kaynaroglu* plaintiffs "do not seek class certification" of even their New Jersey and New York state law claims for settlement purposes.

6

Ex. B at 1 n.2. It further states that state-law claims are released only by employees who affirmatively opt in to the settlement. *Id.* The proposed settlement therefore is not a Rule 23 settlement of any state law class, much less a Virginia Rule 23 class.

This is dispositive as to Avis's dismissal request. A first-filed case does not "subsume" later-filed claims merely because the first case offers some employees the opportunity to sign a release. If a Virginia Operations Manager does not timely submit a Claim Form and Release in *Kaynaroglu*, that employee "will not release any claims and will not receive a settlement payment." Ex. B at 5. The proposed order likewise enjoins only "Participating Settlement Collective Members" from pursuing released claims. Ex. C at ¶ 8. Nonparticipants remain nonparticipants. Their Virginia statutory claims remain unreleased.

Avis therefore asks this Court to do something the New Jersey settlement itself does not do: treat an unapproved FLSA opt-in settlement as though it were a binding adjudication or Rule 23 settlement of Virginia employees' VOWA and VWPA claims. The first-to-file rule does not permit that result.

### C. Avis's Cases Do Not Support Dismissal or a Stay Where the First-Filed Case Will Not Bind Nonparticipants or Resolve the Later-Filed State Law Class Claims

Avis's cited cases support the general proposition that courts may manage substantially overlapping litigation. They do not support dismissal or a stay here.

*Ortiz v. Panera Bread Co.*, No. 1:10CV1424, 2011 U.S. Dist. LEXIS 85463 (E.D. Va. Aug. 2, 2011) (Hilton, J.), is Avis's closest case, but it illustrates why dismissal is not appropriate here. *Ortiz* involved two competing FLSA collective actions alleging that Panera misclassified Assistant Managers as exempt. *See id.* at *1–4. The later-filed EDVA plaintiff was part of the same nationwide FLSA collective in the first-filed Florida case, the claims were "essentially identical," and the first-filed case was already the vehicle for the same FLSA collective claim. *See id.* at *14–

18. *Ortiz* did not involve a later-filed Virginia Rule 23 action that the first-filed case did not certify, settle, or adjudicate. It did not involve an FLSA opt-in settlement that released only participating claimants. It did not hold that employees may be forced into another case's opt-in settlement as the price of preserving their claims.

*Gonzalez v. Homefix Custom Remodeling Corp.*, 670 F. Supp. 3d 337 (E.D. Va. 2023) (Ellis, J.), is likewise distinguishable. There, the plaintiff's Virginia Telephone Privacy Protection Act claim was based on the same alleged telemarketing calls as the first-filed federal Telephone Consumer Protection Act claims, and the court transferred the later action after concluding that the overlapping actions involved the same calling campaign, similar putative classes, and substantially overlapping relief. *See id.* at 342–45. The first-filed actions in *Gonzalez* were active Rule 23 vehicles capable of addressing the classwide telemarketing dispute. *See id. Kaynaroglu* is not an active Virginia Rule 23 vehicle. It is a proposed FLSA settlement that binds only employees who opt in.

*Kendus v. USPack Services LLC*, No. SAG-19-00496, 2020 U.S. Dist. LEXIS 40670 (D. Md. Mar. 10, 2020), is distinguishable for the same reason. The court transferred a later-filed Maryland wage case to the district handling a first-filed FLSA driver misclassification action because the first-filed court could manage the overlapping litigation, including through subclasses or other procedural mechanisms. *See id.* at *9–13. Here, however, *Kaynaroglu* is not proceeding toward litigation of Virginia wage claims. It is proceeding toward approval of an FLSA opt-in settlement. There is no indication that the New Jersey court will certify a Virginia class, adjudicate VOWA or VWPA claims, or bind Virginia employees who do not participate.

The cases granting dismissal involved materially different circumstances. *Savada v. RRH Energy Services, LLC*, 808 F. Supp. 3d 702 (D. Md. 2025), dismissed a later-filed putative

8

consumer class action where the later case was functionally redundant of earlier pending class actions in the same court, involved overlapping counsel, the same telemarketing campaign, the same statutory scheme, and putative class members who could participate in the first-filed cases. *See id.* at 704–07. *Blackwell v. Midland Credit Management, Inc.*, No. 2:18-cv-2205-RMG, 2018 U.S. Dist. LEXIS 177788 (D.S.C. Oct. 15, 2018), involved two South Carolina FDCPA putative class actions challenging the same debt collection letter under the same theory. *See id.* at *1–6. *McColley v. Pacific Maritime Ass'n*, No. 3:25-CV-2372-GPC-MSB, 2026 U.S. Dist. LEXIS 6662 (S.D. Cal. Jan. 13, 2026), involved an unopposed first-to-file motion where the plaintiff herself requested transfer to the district handling the first-filed case. *See id.* at *2–3. *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751 (PAE), 2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012), *Pacesetter*, 678 F.2d 93, and *Futurewei Technologies, Inc. v. Acacia Research Corp.*, No. SACV 12-0511 AG (JPRx), 2012 U.S. Dist. LEXIS 189582 (C.D. Cal. Oct. 22, 2012), were mirror-image or substantially identical commercial and patent disputes in which the first-filed action could resolve the same controversy between the same adversaries.

Those authorities do not justify dismissal or a stay of a Virginia wage action that the *Kaynaroglu* settlement cannot resolve. To the contrary, Avis's own authorities show that where overlap is incomplete, dismissal is disfavored. In *James v. LoanCare, LLC*, No. 2:15cv512, 2016 U.S. Dist. LEXIS 200473 (E.D. Va. Feb. 16, 2016) (Doumar, J.), the court declined to dismiss where the later-filed action included claims not present in the first-filed action. *See id.* at *7–8. In *Gibbs*, the court denied first-to-file transfer where the moving defendants failed to show that the first-filed case would adequately encompass the later action, and where settlement developments in the first-filed case made overlap uncertain. *See* 368 F. Supp. 3d at 916–18 ("[T]he legal claims presented to the United States District Court for the District of Vermont lack sufficient similarity

9

to the current case to justify invoking the first-to-file rule and transferring this suit to Vermont."). And in *Anderson v. Electrolux Home Products, Inc.*, No. 3:23-CV-560-RJC-DCK, 2024 U.S. Dist. LEXIS 173814 (W.D.N.C. Aug. 30, 2024), *report and recommendation adopted*, No. 3:23-CV-560-RJC-DCK, 2024 U.S. Dist. LEXIS 172748 (W.D.N.C. Sept. 24, 2024), the court recommended a stay rather than dismissal even after finding substantial overlap. *See id.* at *19–20.

Avis's cases therefore establish, at most, that this Court has discretion to manage duplicative litigation. They do not establish that Plaintiff's claims are barred, and they do not authorize dismissal or a stay where the first-filed case will not bind nonparticipants or resolve the Virginia Rule 23 claims asserted here.

### D.   The Equities Weigh Against Both Dismissal and a Stay.

Avis argues that dismissal or a stay will not prejudice Plaintiff because he can "vindicate his rights simply by responding affirmatively" to the *Kaynaroglu* settlement notice. Doc. 10 at 13. That argument proves too much. If Plaintiff must sign a settlement release in another case to preserve his rights, then his rights have not been adjudicated, released, or otherwise resolved. A plaintiff with a pending individual, collective, and class action in his home forum should not be forced to abandon that action and sign another case's settlement release merely because Avis prefers a global settlement in New Jersey.

Nor should this case be stayed while Avis attempts to obtain releases from Virginia employees in *Kaynaroglu*. The first-to-file rule is designed to avoid duplicative litigation where the first-filed case can resolve the dispute. It is not designed to freeze a later-filed action so a defendant can attempt to secure individual releases through a separate opt-in settlement that will not bind nonparticipants and will not certify a Rule 23 Virginia class. Until a Virginia employee affirmatively submits a Claim Form and Release in *Kaynaroglu*, that employee remains a

10

nonparticipant who releases nothing. *Kaynaroglu* Doc. 77-1 at 5. And regardless of how many Virginia employees eventually participate, *Kaynaroglu* still will not certify, settle, or adjudicate a Virginia Rule 23 class.

A stay would prejudice Plaintiff and Virginia employees in several ways. First, it would halt the only pending Virginia Rule 23 action seeking VOWA and VWPA relief on behalf of Virginia Operations Managers and those similarly situated. Second, it would create limitations risk for absent FLSA opt-ins because the FLSA limitations period continues to run until each employee files a written consent. 29 U.S.C. § 256(b). Third, it would allow Avis to use an unapproved opt-in settlement as a de facto obstacle to litigation of Virginia statutory wage claims that the settlement itself does not resolve. Fourth, it would delay discovery and adjudication in this forum based on speculation that some unknown number of Virginia employees might later choose to participate in *Kaynaroglu*.

The settlement timeline underscores why a stay is unwarranted. Avis says there will be clarity within 105 days of judicial approval. Doc. 10 at 5. But the proposed *Kaynaroglu* order contains a Class Action Fairness Act provision stating that the approval order shall be deemed issued no earlier than a date at least ninety days after the filing of the settlement approval motion and Avis's mailing of CAFA notices. Ex. C at ¶ 9. After any approval order, notice must be mailed, a claim period must run, final allocations must be calculated, funding must occur, and checks must be issued. Ex. B at 4–7. That process may later narrow this case if some Virginia employees choose to participate. But it provides no basis to stop this case now, before any employee has released a claim and before the New Jersey court has approved the settlement.

Avis can raise release, claim splitting, or claim administration arguments later as to any individual who actually becomes a Participating Settlement Collective Member in *Kaynaroglu*.

But the possibility that some Virginia employees may later release some claims is not a basis to dismiss or stay unreleased claims now. The Court should deny Avis's motion in full.

If the Court nevertheless imposes a stay over Plaintiff's objection, Plaintiff respectfully submits that any such stay should be narrowly tailored and should expressly preserve the claims of Plaintiff and all Virginia employees who do not become Participating Settlement Collective Members in *Kaynaroglu*, toll the FLSA limitations period for putative Virginia opt-ins during the stay, and require prompt status reports concerning the *Kaynaroglu* approval and notice process. These protections are necessary only if the Court elects to stay the case notwithstanding Plaintiff's opposition.

### E.    Avis's Personal-Jurisdiction Argument is Moot Because Plaintiff Seeks a Virginia-Only Collective.

Avis also asks this Court to dismiss FLSA claims "to the extent" the putative collective includes persons who did not work for Avis in Virginia. Doc. 9 at 3; Doc. 10 at 13–16. There is nothing to dismiss.

The Complaint defines "Class Members" as employees who worked under an Operations Manager or similar job title at Avis locations in Virginia, including specifically listed Virginia airports. Doc. 1 ¶ 8. Plaintiff's FLSA collective claim is brought on behalf of Plaintiff and "all Class Members" who were not paid required overtime compensation during the three-year FLSA recovery period. *Id.* ¶ 40. Plaintiff's Rule 23 claims likewise are Virginia claims under VOWA and VWPA. *Id.* ¶¶ 45–47, 61–75. To avoid any doubt, Plaintiff expressly clarifies that he seeks to represent only Operations Managers and similarly situated employees who worked for Avis in Virginia during the applicable recovery period.

Avis's personal jurisdiction argument is therefore moot. Virginia Operations Managers' claims arise from Avis's alleged employment practices at Virginia locations. This Court has

specific personal jurisdiction over those claims. Avis's contingent request to dismiss hypothetical non-Virginia claims should be denied as moot.

## IV.   **CONCLUSION**

Avis's motion should be denied. *Kaynaroglu* may offer some Virginia Operations Managers the opportunity to settle and release their claims, but it does not certify a Virginia Rule 23 class, does not adjudicate VOWA or VWPA claims, and does not bind any Virginia employee who does not affirmatively opt in. The first-to-file rule does not require dismissal or a stay in those circumstances. Nor is there any live personal jurisdiction issue because Plaintiff seeks a Virginia-only FLSA collective.

For these reasons, Plaintiff respectfully requests that the Court deny Avis's motion in full.

Respectfully submitted June 18, 2026.

*/s/ Robert W.T. Tucci*
Robert W.T. Tucci
Virginia State Bar No. 97446
Gregg C. Greenberg
Virginia State Bar No. 79610
ZIPIN, AMSTER, & GREENBERG LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142
rtucci@zagfirm.com
ggreenberg@zagfirm.com

*Counsel for Plaintiffs*

13

**CERTIFICATE OF SERVICE**

On June 18, 2026, I served the original a true copy of the foregoing document entitled:

- **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PURSUANT TO THE FIRST-TO-FILE RULE AND MOTION TO DISMISS THE FLSA CLAIMS IN PART FOR LACK OF PERSONAL JURISDICTION**

on all the appearing and/or interested parties in this action as follows:

Shaun M. Bennett
VSB No. 93391
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
703-442-8425 (tel)
703-552-0045 (fax)
smbennett@littler.com

William J. Anthony
NJ Bar No. 005101992
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022-3298
(212) 471-4404 (tel)
(212) 832-2719 (fax)
wanthony@littler.com

Sean P. Dawson
PA Bar No. 326085
LITTLER MENDELSON, P.C.
1 PPG Place, Suite 2400
Pittsburgh, Pennsylvania 15222(412)
 201-7601 (tel)
(412) 291-3366 (fax)
sdawson@littler.com

Attorneys for Defendant

> **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Silver Spring, Maryland in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

**(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of ZIPIN, AMSTER, & GREENBERG LLC for collection and processing correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by the USPS for overnight delivery.

**(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission through either the Court's CM/ECF system, via electronic mail, or an electronic service provider to the addressee(s) listed above on the date below.

**(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to the addressed named above.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

Executed on June 18, 2026, at Silver Spring, Maryland.

 */s/ Robert W. T. Tucci*
Robert W.T. Tucci

15