# EXHIBIT A

*Kaynaroglu* Amended Collective and Class Action Complaint

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| FEYZULLAH KAYNAROGLU and CIARA RODRIGUEZ, on behalf of themselves and all other similarly situated employees, | : : : : | Case No. 2:24-cv-06828-BRM-AME |
| Plaintiffs, | : : | |
| v. | : : : | |
| AVIS BUDGET CAR RENTAL LLC, | : : | |
| Defendant. | : : : | |

## AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Feyzullah Kaynaroglu and Ciara Rodriguez ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Outten & Golden LLP and Shavitz Law Group, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation and other damages for Plaintiffs and similarly situated employees who have worked as salary-paid and exempt-classified Operations Managers, assistant-level managers, and similarly titled individuals ("OMs") for Defendant Avis Budget Car Rental LLC ("Avis") at any car rental location in the United States at any time from the period of June 7, 2021 through the date of final judgment[1] (the "Relevant

_____

[1] The Parties previously entered into a tolling agreement effective October 11, 2023 for Tim Breninger, Kenneth Brochowicz, Geneyvah Brooks, Keith Evans, Feyzullah Kaynaroglu, Jim Paulkis, Ciara Rodriguez, Miguel Sanchez, Marc Stein, Taylor Stevens, and Alesha Taylor and the Relevant Period for these individuals is extended per the terms of the tolling agreement.

Period"), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      Plaintiff Feyzullah Kaynaroglu brings Rule 23 class action claims for unpaid overtime wages and other damages under New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* ("NJWHL"), on behalf of himself and all New Jersey OMs who worked within the six-year period prior to the filing of the first complaint on June 7, 2024 to the date of judgment in this action (hereinafter "putative NJ Class Members").

3.      Plaintiff Ciara Rodriguez brings Rule 23 class action claims for unpaid overtime wages and other damages under New York Labor Law, Art. 6 §§ 190 *et seq.*, and Art. 19, §§ 650 *et seq.* ("NYLL"), on behalf of herself and all New York OMs who worked within the six-year period prior to the filing of the first complaint on June 7, 2024 to the date of judgment in this action (hereinafter "putative NY Class Members").

4.      Avis has engaged in a scheme and unlawful pay practice applicable to all of its OMs employed across the United States and its territories during the FLSA, NJWHL, and NYLL statutory periods by willfully misclassifying OMs as exempt from overtime pay under the FLSA, NJWHL, and NYLL in order to minimize labor costs and maximize profits.

5.      Defendant utilizes OMs as part of their workforce at its car rental locations.  Their primary duties are waiting on customers at the vehicle rental counter, driving vehicles from one location to another, washing and cleaning vehicles, handling vehicle returns, and general customer service.

6.      Throughout the Relevant Period, it was Defendant's policy to uniformly classify all OMs nationwide as exempt from federal and state overtime pay provisions and not to pay OMs any overtime wages, regardless of any individualized job analysis.

7.    To serve their customers' needs and maximize profits, Defendant regularly required OMs to work in excess of 40 hours per week during the Relevant Period.

8.    The primary duties of OMs do not fall under any of the exemptions to the FLSA, NJWHL, and NYLL.

9.    By the conduct described in this Amended Collective and Class Action Complaint, Defendant has violated the FLSA, NJWHL, and NYLL by failing to pay OMs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

**THE PARTIES**

*Plaintiffs*

10.    Plaintiff Feyzullah Kaynaroglu is an adult individual who is a resident of Fort Worth, Florida.

11.    Plaintiff Kaynaroglu was employed by Defendant from approximately September 2018 to June 2021 as an OM at one of Defendant's Newark, New Jersey locations.

12.    Upon information and belief, Plaintiff Kaynaroglu worked about 50 hours during the workweek of April 12, 2021 and was not paid any wages or overtime wages for hours worked in excess of 40 during that week.

13.     Plaintiff Ciara Rodriguez is an adult individual who is a resident of Brooklyn, New York.

14.    Plaintiff Rodriguez was employed by Defendant from approximately August 2018 to August 2021 as an OM at one of Defendant's New York, New York location.

15.    Upon information and belief, Plaintiff Rodriguez worked about 50 hours during the workweek of June 14, 2021 and was not paid any wages or overtime wages for hours worked in excess of 40 during that week.

- 3 -

16.     Throughout Plaintiffs' periods of employment with Defendant, Plaintiffs routinely worked about 50 hours per workweek for Defendant and did not receive wages or overtime wages for time worked in excess of 40 in workweeks.

17.     Plaintiffs are covered employees within the meaning of the FLSA, NJWHL, and NYLL.

18.     Written consent forms for Plaintiffs were previously filed.

*Defendant Avis Budget Car Rental LLC*

19.     Avis is a nationwide automobile rental company.

20.     Avis is a publicly traded corporation organized and existing under the laws of Delaware with its corporate headquarters in Parsippany, New Jersey.

21.     Throughout the Relevant Period, Avis employed Plaintiffs and similarly situated employees within the meaning of the FLSA, NJWHL, and NYLL.  Avis had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

22.     Avis is a covered employer within the meaning of the FLSA, NJWHL, and NYLL and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

23.     At all times relevant, Avis maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

24.     Avis applied the same employment policies, practices, and procedures to all OMs during the Relevant Period, including classifying all OMs across the United States and its territories as exempt, regardless of any individualized differences in work and without any individualized analysis.

- 4 -

25.     At all times relevant, Avis's annual gross volume of sales made or business done was not less than $500,000.  Avis also engages in interstate commerce as some of its cars typically cross state lines and are rented at different locations across state lines.

## JURISDICTION AND VENUE

26.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA.

27.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

29.     The United States District Court for the District of New Jersey has personal jurisdiction over Defendant as its corporate headquarters are located in this District in Parsippany, New Jersey, and because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

30.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

31.     This Court also has general jurisdiction over this Defendant and Defendant can be subject to answer for the claims of for all non-resident Plaintiffs who join this action because Defendant's corporate headquarters is in this District.

32.     Defendant is subject to the FLSA as a covered employer as it engages in interstate commerce by renting vehicles across the United States and its territories, and has revenues exceeding $500,000.00 annually during the relevant class period.

## COLLECTIVE-WIDE AND COMMON FACTUAL ALLEGATIONS

33.     Plaintiffs bring the complaint and legal claims against Defendant pursuant to FLSA, 29 U.S.C. § 216(b), individually and on behalf of all similarly situated persons who work or have worked for Defendant as OMs at Defendant's car rental locations in the Unites States and its territories during the Relevant Period (the "FLSA Collective").

34.     All the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant have been aware of all the work that Plaintiffs and the FLSA Collective have performed.

35.     As part of its regular business practice, during the Relevant Period, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

      a.     willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

      b.     willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

      c.     willfully failing to record all the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendant.

36.     Defendant is aware or should have been aware that federal and state law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

37.     Defendant was placed on notice in prior litigation that it was misclassifying assistant-level managers (which are equivalent to the OM position) as exempt and that Defendant was in violation of the FLSA.

38.     After settling these lawsuits, it was business as usual and Avis continued to misclassify OMs as exempt to save millions of dollars annually in labor costs.

39.     Plaintiffs and the FLSA Collective all perform or performed the same or similar primary duties.

40.     Defendant's unlawful conduct and pay practice has been widespread, repeated, and willful.

41.     Throughout their employment with Defendant, Plaintiffs and the members of the FLSA Collective consistently worked more than 40 hours per week.

42.     Plaintiffs' and the FLSA Collective's primary duty was not management, and Plaintiffs did not direct the work of 2 or more full-time employees or the equivalent and cannot thus be an executive exempt employee.

43.     Plaintiffs and all other OMs' job duties were routine and standardized.

44.     Plaintiffs' and the FLSA Collective's primary duties were non-exempt duties, including general customer service and vehicle preparation for rental.  Plaintiffs and the FLSA Collective spent the vast majority of their time performing these non-exempt duties.

45.     During the Relevant Period, Plaintiffs and the FLSA collective were paid a weekly salary for 40 hours for their services.

46.     Plaintiffs and the FLSA Collective were closely supervised by their direct and indirect supervisors who were responsible for the overall performance of the hourly-paid employees and for coaching and developing sales employees.

47.     Plaintiffs and the FLSA Collective did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Defendant.  Plaintiffs and the FLSA Collective did not

have any independent discretionary authority to deviate from these policies, practices, and procedures.

48.     Upon information and belief, Defendant failed to make a good faith inquiry into whether Plaintiffs and OMs were properly classified as exempt from the overtime pay requirements of the FLSA, NJWHL, and NYLL.

49.     Upon information and belief, Defendant did not perform an individualized evaluation of Plaintiffs and OMs to determine whether or not they were correctly classified as exempt from the overtime pay requirements of the FLSA, NJWHL, and NYLL.

## **NEW JERSEY CLASS ACTION ALLEGATIONS**

50.     Plaintiff Kaynaroglu brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure.

51.     The putative NJ Class Members are defined above.

52.     Excluded from the putative NJ Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the putative Class.

53.     Putative NJ Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Kaynaroglu, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

54.     Upon information and belief, the size of the putative NJ Class is at least 100 workers.

55.     Defendant acted or refused to act on grounds generally applicable to the putative NJ Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the putative Class as a whole.

56.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the putative NJ Class that predominate over any questions solely affecting individual members of the putative NJ Class, including but not limited to:

a.     whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff Kaynaroglu and putative NJ Class Members;

b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.     whether Defendant misclassified Plaintiff Kaynaroglu and the putative NJ Class Members as exempt from the overtime pay provisions of the NJWHL;

d.     whether Defendant failed and/or refused to pay Plaintiff Kaynaroglu and putative NJ Class Members for all hours and overtime worked in violation of the NJWHL;

e.     the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative NJ Class; and

f.     whether Defendant correctly calculated and compensated Plaintiff Kaynaroglu and putative NJ Class Members for hours worked in excess of 40 per workweek.

57.     Plaintiff Kaynaroglu's claims are typical of the claims of the putative NJ Class sought to be represented.  Plaintiff Kaynaroglu and putative NJ Class Members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay all wages due, including overtime wages for all hours worked in excess of 40 hours per workweek, and failing to maintain and provide accurate wage statements.  Defendant acted and/or refused to act on grounds generally applicable to Plaintiff Kaynaroglu and putative NJ Class Members, thereby making injunctive and/or declaratory relief with respect to the putative NJ Class appropriate.

- 9 -

58.     Plaintiff Kaynaroglu will fairly and adequately represent and protect the interests of the putative NJ Class.  Plaintiff Kaynaroglu understands that, as class representative, one assumes a fiduciary responsibility to the putative NJ Class to represent its interests fairly and adequately.  Plaintiff Kaynaroglu recognizes that as a class representative, one must represent and consider the interests of the putative NJ Class just as one would represent and consider one's own interests.  Plaintiff Kaynaroglu understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the putative NJ Class.  Plaintiff Kaynaroglu recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the putative NJ Class.  Plaintiff Kaynaroglu understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

59.     Plaintiff Kaynaroglu has retained the Outten & Golden LLP and Shavitz Law Group, P.A. which are law firms who are competent and experienced in complex class action employment litigation.

60.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the putative NJ Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the putative Class are not *de minimis*, such damages are small compared to the expense and burden of

- 10 -

individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## NEW YORK CLASS ACTION ALLEGATIONS

61.     Plaintiff Rodriguez brings the Third and Fourth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure.

62.     The putative NY Class Members are defined above.

63.     Excluded from the putative NY Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the putative Class.

64.     Putative NY Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff Rodriguez, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

65.     Upon information and belief, the size of the putative NY Class is at least 100 workers.

66.     Defendant acted or refused to act on grounds generally applicable to the putative NY Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the putative Class as a whole.

67.     The Third and Fourth Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to

the putative NY Class that predominate over any questions solely affecting individual members of the putative NY Class, including but not limited to:

    a.    whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff Rodriguez and putative NY Class Members;

    b.    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.    whether Defendant misclassified Plaintiff Rodriguez and the putative NY Class Members as exempt from the overtime pay provisions of the NYLL;

    d.    whether Defendant failed and/or refused to pay Plaintiff Rodriguez and putative NY Class Members for all hours and overtime worked in violation of the NYLL;

    e.    the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative NY Class;

    f.    whether Defendant failed to maintain and provide accurate wage statements; and

    g.    whether Defendant correctly calculated and compensated Plaintiff Rodriguez and putative NY Class Members for hours worked in excess of 40 per workweek.

68.    Plaintiff Rodriguez's claims are typical of the claims of the putative NY Class sought to be represented. Plaintiff Rodriguez and putative NY Class Members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay all wages due, including overtime wages for all hours worked in excess of 40 hours per workweek, and failing to maintain and provide accurate wage statements. Defendant acted and/or refused to act on grounds generally applicable to Plaintiff Rodriguez and putative NY Class Members, thereby making injunctive and/or declaratory relief with respect to the putative NY Class appropriate.

69.    Plaintiff Rodriguez will fairly and adequately represent and protect the interests of the putative NY Class. Plaintiff Rodriguez understands that, as class representative, one assumes a fiduciary responsibility to the putative NY Class to represent its interests fairly and adequately. Plaintiff Rodriguez recognizes that as a class representative, one must represent and consider the

interests of the putative NY Class just as one would represent and consider one's own interests. Plaintiff Rodriguez understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the putative NY Class. Plaintiff Rodriguez recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the putative NY Class. Plaintiff Rodriguez understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

70.    Plaintiff Rodriguez has retained the Outten & Golden LLP and Shavitz Law Group, P.A. which are law firms who are competent and experienced in complex class action employment litigation.

71.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the putative NY Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the putative NY Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**FIRST CAUSE OF ACTION**
**VIOLATION OF SECTION § 207A OF THE FLSA:   FAILURE TO PAY**
**OVERTIME PREMIUMS**
**(Brought individually by Plaintiffs and on behalf of all others**
**similarly situated against Defendant)**

72.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

73.     Defendant engaged in a widespread pattern and practice of violating the FLSA, as described in this Amended Collective and Class Action Complaint.

74.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

75.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

76.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

77.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

78.     At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

79.     Defendant failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

80.     Defendant's violations of the FLSA, as described in this Amended Collective and Class Action Complaint, have been willful and intentional.  Defendant failed to make a good faith

- 14 -

effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees during the Relevant Period.

81. Defendant knew or should have known from prior litigation that the OM position as a total group or class of workers does not satisfy the elements of any exemption under the FLSA.

82. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

83. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

84. As a result of the Defendant's unlawful conduct complained of herein, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## VIOLATION OF NJWHL: FAILURE TO PAY OVERTIME PREMIUMS
### (Brought individually by Plaintiff Kaynaroglu and on behalf of putative NJ Class Members against Defendant)

85. Plaintiff Kaynaroglu realleges and incorporates by reference all allegations in all preceding paragraphs.

86. At all times relevant, Plaintiff Kaynaroglu and the members of the putative NJ Class have been employees and Defendant has been an employer within the meaning of the NJWHL. Plaintiff Kaynaroglu and the members of the putative NJ Class are covered by the NJWHL.

87. Defendant employed Plaintiff Kaynaroglu and the members of the putative NJ Class as an employer in New Jersey.

88.     Defendant failed to pay Plaintiff Kaynaroglu and the members of the putative NJ Class all overtime wages for all overtime hours worked to which they are entitled under the NJWHL.  Defendant failed to pay Plaintiff Kaynaroglu and the members of the putative NJ Class for all overtime hours worked at a wage rate of one and one-half times their regular rates of pay.

89.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Kaynaroglu and the putative NJ Class members.

90.     Defendant lacked a good faith basis to believe their failure to pay Plaintiff Kaynaroglu and the putative NJ Class overtime wages complied with NJWHL.

91.     Due to Defendant's intentional and willful violations of the NJWHL, Plaintiff Kaynaroglu and the members of the putative NJ Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

**THIRD CAUSE OF ACTION**
**VIOLATION OF NYLL:   FAILURE TO PAY OVERTIME PREMIUMS**
**(Brought individually by Plaintiff Rodriguez and on behalf of putative**
**NY Class Members against Defendant)**

92.     Plaintiff Rodriguez realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     At all times relevant, Plaintiff Rodriguez and the members of the putative NY Class have been employees and Defendant has been an employer within the meaning of the NYLL. Plaintiff Rodriguez and the members of the putative NY Class are covered by the NYLL.

94.     Defendant employed Plaintiff Rodriguez and the members of the putative NY Class as an employer in New York.

95.     Defendant failed to pay Plaintiff Rodriguez and the members of the putative NY Class all overtime wages for all overtime hours worked to which they are entitled under the NYLL.

- 16 -

Defendant failed to pay Plaintiff Rodriguez and the members of the putative NY Class for all overtime hours worked at a wage rate of one and one-half times their regular rates of pay.

96.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Rodriguez and the putative NY Class members.

97.     Defendant lacked a good faith basis, within the meaning of NYLL § 663, to believe their failure to pay Plaintiff Rodriguez and the putative NY Class overtime wages complied with the NYLL.

98.     Due to Defendant's intentional and willful violations of the NYLL, Plaintiff Rodriguez and the members of the putative NY Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF NYLL: FAILURE TO COMPLY WITH NOTICE AND RECORD-**
**KEEPING REQUIREMENTS**
**(Brought individually by Plaintiff Rodriguez and on behalf of putative**
**<u>NY Class Members against Defendant)</u>**

99.     Plaintiff Rodriguez realleges and incorporates by reference all preceding allegations.

100.    NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

101.    NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

102. 12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

103. NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

104. 12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

105. Defendant failed to comply with the notice and record keeping requirements of NYLL § 195(3), resulting in penalties under NYLL § 198 for Plaintiff Rodriguez and putative NY Class Members and attorneys' fees and costs.

106. By failing to provide Plaintiff Rodriguez and the putative NY Class Members with wage statements identifying Plaintiff Rodriguez and the putative NY Class Members' actual hours worked, Defendant prevented Plaintiff and the putative NY Class Members from determining and seeking payment for their precise amount of unpaid hours. Plaintiff and the putative NY Class Members were harmed by being deprived of their income for longer than they would have been had they been able to timely raise their underpayment earlier. This harm is a tangible downstream consequence of the failure to receive required information on their wage statements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things.

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Issuance of a declaratory judgment that the practices complained of in this Amended Collective and Class Action Complaint are unlawful;

D.      Pre-judgment interest and post-judgment interest as provided by law;

E.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

F.      A reasonable incentive award for the Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other OMs, and the risks they have undertaken.

G.      Certification of the New York and New Jersey claims in this action as a class action;

H.      Designation of Plaintiffs as the Class Representatives of the respective New York and New Jersey class claims;

I.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL and NJWHL;

J.      Pre-judgment and post-judgment interest as provided by law;

K.      Appropriate statutory penalties;

L.      Attorneys' fees and costs of the action;

M.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury on all issues so triable.

Dated: New York, New York          Respectfully submitted,
       April 24, 2025

                                 ___s/Michael Palitz_____
                                 Michael Palitz
                                 **SHAVITZ LAW GROUP, P.A.**
                                 477 Madison Avenue, 6th Floor
                                 New York, NY 10022
                                 (800) 616-4000
                                 mpalitz@shavitzlaw.com

                                 Glen Savits
                                 **GREEN SAVITS, LLC**
                                 25B Vreeland Road #207
                                 Florham Park, NJ 07932
                                 (973) 695-7777
                                 gsavits@greensavits.com

                                 **OUTTEN & GOLDEN LLP**
                                 Justin M. Swartz*
                                 685 Third Avenue, 25th Floor
                                 New York, NY 10017
                                 (212) 245-1000
                                 jms@outtengolden.com

                                 Gregg I. Shavitz*
                                 **SHAVITZ LAW GROUP, P.A.**
                                 622 Banyan Trail, Suite 200
                                 Boca Raton, FL 33431
                                 (561) 447-8888
                                 gshavitz@shavitzlaw.com

                                 *Attorneys for Plaintiffs and all those similarly situated*

                                 *to apply for admission *pro hac vice*

- 20 -