# EXHIBIT C

## *Kaynaroglu* Proposed Order Granting Final Approval of Fair Labor Standards Act Settlement

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FEYZULLAH KAYNAROGLU and CIARA RODRIGUEZ, individually and on behalf of all others similarly situated, | Civil Action No. 2:24-cv-06828-BRM-AME |
| Plaintiffs, | |
| vs. | Judge Brian R. Martinotti |
| AVIS BUDGET GROUP, INC., | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE**

Before the Court is Named Plaintiffs Feyzullah Kaynaroglu and Ciara Rodriguez's Unopposed Motion for Approval of the Settlement to Dismiss the Action with Prejudice ("Motion for Settlement Approval") and the pertinent materials filed with that Motion. The Unopposed Motion for Settlement Approval seeks an Order (1) granting final approval to the settlement of claims as set forth in the Settlement Agreement between the parties in the above-captioned matter; (2) granting approval of payment to the Settlement Administrator; and (3) dismissing the Litigation with prejudice in accordance with the terms of the Settlement Agreement.

Also before the Court is Named Plaintiffs' Unopposed Motion for an Order approving Named Plaintiffs' application for attorneys' fees, expenses, and costs and approving Named Plaintiffs' application for service awards as provided for in the Settlement Agreement.

1

On June 25, 2026, the Court held a hearing on the Motions with counsel for the parties present.  For good cause shown, as detailed below and as stated on the record, the Motions are GRANTED. The Court ORDERS as follows:

1.      The Settlement Agreement[1] is APPROVED in its entirety.

2.      The Court grants final approval of the Settlement Agreement and finds that it is a reasonable compromise of a *bona fide* dispute between the Named Plaintiffs, Putative Settlement Collective Members, and Avis, reached by the Parties after mediation and intensive arm's-length negotiations with the assistance of experienced counsel.

3.      The Settlement Agreement is binding on the Parties to it and on all Participating Settlement Collective Members in accordance with the terms of the Settlement Agreement.

4.      The Court approves the amounts of the settlement, the claims released by Participating Settlement Collective Members, the award of attorneys' fees, expenses, and costs, and the service awards to be paid to Named Plaintiffs Kaynaroglu and Rodriguez, as set forth in the Settlement Agreement.

5.      The Court approves and appoints Rust Consulting to serve as the Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order, so long as the Settlement Administrator has signed Defendant's standard data processing agreement to ensure protection of private information.

6.      The Parties shall administer the settlement as set forth in the Settlement Agreement.

7.      The Notice Packet attached as Exhibit 2 to the Settlement Agreement is approved. The Court orders that the Settlement Administrator send the Notice Packet as set forth in the

---

[1] All terms used in this Order have the same meaning as in the Settlement Agreement between the Parties that was attached to the Named Plaintiffs' Motion.

Settlement Agreement to the Putative Settlement Collective Members. The deadline for the submission of timely and valid Claim Forms and Releases (the "Bar Date") is 45 days from the date on which the Settlement Administrator first mails the Notice Packets to the Putative Settlement Collective Members.

8. All Participating Settlement Collective Members shall be enjoined from pursuing any Released Claims settled as part of this settlement and will not file, cause to be filed, or affirmatively join or opt in, as a collective member, beneficiary or other participant in any lawsuit or any other claim released under the Released Claims and, if involuntarily joined in any lawsuit against Released Persons regarding claims released under the Released Claims, agree to waive their rights to any recovery that may result from such lawsuit or proceeding, and not to pursue claims on their own behalf.

9. To ensure compliance with the Class Action Fairness Act of 2005 ("CAFA"), irrespective of the date of the Court's signature below or the date this Order is entered on the docket, this Order shall be deemed to be issued no earlier than [*insert date that is at least 90 days after the filing of the Motion for Settlement Approval and Avis's mailing of the notices requested under CAFA*] which is 90 days after the filing of the Motion for Settlement Approval and Avis's mailing of the notices required under CAFA to the appropriate governmental officials.

10. This Order and the Settlement Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

11. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

3

12. Neither the Settlement Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

13. This Litigation is DISMISSED WITH PREJUDICE in its entirety, and the Court hereby enters final JUDGMENT in this case.

14. Without affecting the finality of this Order in any way, this Court retains jurisdiction over the Parties to this action and the Settlement Administrator for the purpose of administration and enforcement of the Settlement until the conclusion of the settlement administration process.

15. The case is hereby closed.


SO ORDERED, this the _____ day of _____, 2026.


_____

Brian R. Martinotti
United States District Judge