**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **ALI ALZEERA**<br><br>**Individually and on Behalf of All Others Similarly Situated,**<br><br>　　　　**Plaintiff,**<br><br>　　**v.**<br><br>**AVIS BUDGET CAR RENTAL, LLC,**<br><br>　　　　**Defendant.** | **Civil Action No. 1:26-cv-01026-LMB-WEF** |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY
PURSUANT TO THE FIRST-TO-FILE RULE AND MOTION TO
DISMISS THE FLSA CLAIMS, IN PART, FOR LACK OF PERSONAL
JURISDICTION**

## I.　INTRODUCTION

Defendant Avis Budget Car Rental, LLC ("Avis") respectfully submits this Reply Memorandum in further support of its Motion to Dismiss (Dkt. 9). As set forth in the Motion to Dismiss (the "Motion") and the Memorandum in Support (Dkt. 10), the "First-to-File Rule" precludes Plaintiff Ali Alzeera ("Plaintiff" or "Plaintiff Alzeera") from pursuing his claims in this proceeding (hereafter, the "*Alzeera* Action") at this time, because this action is a narrower, later-filed subset of another action against the same defendant, which has been pending for almost two years in the United States District Court for the District of New Jersey – *Kaynaroglu et al. v. Avis Budget Group, Inc.*, Case No. 2:24-cv-06828-BRM-AME (the "*Kaynaroglu* Action").

Avis demonstrated that the First-to-File Rule applies here, and there is nothing in Plaintiff's Opposition (Dkt. 18) to call that into question. The Rule is so clearly applicable that, in opposition,

Plaintiff asks the Court to effectively create its own, unique version of the First-to-File Rule which would require perfect identity between the legal claims in the two actions rather than substantial overlap. Of course, perfect identity would not require a separate complaint in the first place. Plaintiff desperately claims that granting the Motion will force Plaintiff to "abandon" his claims and prejudice him. Yet, Avis seeks only dismissal *without prejudice* or a stay of the *Alzeera* Action. (Dkt. 9, pp. 2-3). Either outcome does not force Plaintiff to abandon his claims or prejudice him in any manner. On the other hand, Plaintiff does not address the harms Avis identified that would be incurred if a dismissal or stay is not granted, much less counter them; rather, he inadvertently reinforces them. The Court should grant Avis's Motion and either dismiss the *Alzeera* Action without prejudice or stay it pending resolution of the *Kaynaroglu* Action.

## II.    ARGUMENT

### A.    The Opposition is an Opposition in Name Only.

Plaintiff's Opposition (*see* Dkt. 18) is in many instances an opposition in name only as it provides no basis for denying the Motion. Plaintiff denies that he seeks to represent persons that worked for Avis outside of Virginia, asserting that the Motion's argument that the Court lacks personal jurisdiction over their claims is moot. (*Id*., pp. 2, 12-13[1]). Although Avis agrees that based on this representation, the personal jurisdiction argument is moot, Avis nevertheless expressly reserves its right to reassert a personal jurisdiction argument should Plaintiff change his mind at a later date.

As to dismissal or stay based on the First-to-File rule, Plaintiff does ***not*** dispute:

- the *Kaynaroglu* Action was filed first;
- the defendant is the same in both actions;

---

[1] Avis cites to the pagination of the Opposition itself, rather than to the ECF pagination.

- both suits allege Avis violated the Fair Labor Standards Act ("FLSA") by classifying Operations Managers as exempt;
- Operations Managers employed in Virginia are covered by the settlement in the *Kaynaroglu* Action;
- the *Kaynaroglu* Action is broader temporally than the instant action;
- ***every Virginia Operations Manager that opts into the settlement of the <u>Kaynaroglu</u> Action will be releasing each and every one of the claims Plaintiff seeks to bring in this action***; and
- the damages claimed in the two actions are effectively the same.

As the foregoing shows, Plaintiff has, for all intents and purposes, conceded that the parties, issues, and claims substantially overlap. Indeed, other than the named plaintiffs, they are all but identical. That overlap is sufficient in and of itself to satisfy the First-to-File Rule and to justify its application here.

### B. Plaintiff Relies on a Series of Strawman Arguments Where He Does Oppose the Motion.

#### 1. The Law Does Not Require Perfect Identity of the Legal Claims in the Two Actions; Rather, Courts Routinely Apply the Rule Where the Claims Differ but Substantially Overlap.

Plaintiff's first strawman argument is his assertion that "[t]he question is whether the putative *Kaynaroglu* FLSA settlement, if approved, will actually resolve Plaintiff's claims and Virginia class claims asserted here." (*Id.*, p. 6). That is not the question, and Plaintiff provides no caselaw to support his assertion that it is. In effect, Plaintiff asks this Court to hold that there must be perfect identity between the legal claims in the two actions in order to apply the First-to-File Rule. But that is not the law. *See, e.g., Kendus v. USPack Servs. LLC*, No. 19-cv-496, 2020 WL 1158570 (D. Md. Mar. 10, 2020) (Applying the First-to-File Rule, noting "[i]f a plaintiff could eviscerate the First-Filed rule merely by adding a claim based on the state law of the second forum, it would render the rule a dead letter."). It is notable that Plaintiff does not include a single case citation to support his argument that the *Kaynaroglu* Action has to fully dispose of Alzeera's claims. (*See* Dkt. 18, pp. 6-7).

3

Nor could he do so, as the case law is to the contrary. The matter of *Fisher v. Rite Aid Corp.,* No. RDB–09–1909, 2010 WL 2332101 (D. Md. June 8, 2010) is instructive. There, the second filed action involved purported class claims for wage and hour violations under Maryland law, and the Court applied the First-to-File rule to dismiss Fisher's case in favor of an FLSA-only case pending in the U.S. District Court for the Middle District of Pennsylvania. *Id*. at *1-2. The Court specifically rejected Fisher's argument that the Rule did not apply due to the differences between the FLSA and the state law claims, holding "courts need not find a precise overlap." *Id*. at *2. Similarly, in *Troche v. Bimbo Foods Bakeries Distrib., Inc.*, No. 3:11CV234, 2011 WL 3565054 (W.D.N.C. Aug. 12, 2011), the Court applied the First-to-File Rule where the "central issue" of the two cases – whether the workers were misclassified – was the same, but the proposed state law class claims differed from the FLSA, applying the Rule because "for the first-to-file rule to apply, courts need not find a precise overlap." *Id*. at *3. Simply put, "the presence of additional but related state law claims does not mean that the cases are so dissimilar as to avoid the application of the first-filed rule." *Id*. (*citing Remington Arms Co., Inc. v. Alliant Techsystems, Inc.*, No. 1:03CV1051, 2004 WL 444574, at *2 (M.D.N.C. Feb.25, 2004)).

Having proffered no case law in support of his assertion, Plaintiff instead works to distract the Court by discussing Avis's caselaw at length in § II.C. of the Opposition but focusing chiefly on cases that Avis offered with respect to issues that Plaintiff is not disputing. There is no dispute as to whether the parties overlap – they do – or whether the Court has the *authority* to dismiss or stay this action – it does. Plaintiff's efforts to distinguish cases offered for those points is a distraction that provides no basis for denying the Motion.

At the same time, Plaintiff fails to address *Farina v. Mazda Motor of Am., Inc*., No. 23-cv-50, 2023 WL 4241675 (W.D.N.C. June 28, 2023) which Avis proffered. There the Court stayed

4

the later filed action, even though that action included legal claims not brought in the first-filed case and stayed it because the "same facts" underlay all of the causes of action. *Id*. at *6. Critically, the Court found a stay was warranted because "even if [the earlier action] does not resolve every question of fact and law in Plaintiff's action, at a minimum, resolution in [the earlier action] would substantially settle many and simplify the rest." *Id*. at *9.

Even where Plaintiff did address Avis's cases, he often missed the forest for the trees. For example, he seeks to distinguish *Kendus*, *supra*, and *Gonzalez v. Homefix Custom Remodeling, Inc.*, 670 F. Supp. 3d 337 (E.D. Va. 2023) but misses the critical fact that not only did those courts apply the First-to-File Rule, but they did so even where the second case raised state law claims not raised in the first-filed case. As to their being transferred and not dismissed or stayed, transfer was the relief sought in both. *Kendus*, 2020 WL 1158570 at *1; *Gonzalez,* 670 F. Supp. 3d at 340. Transfer is not a viable option in this instance given the *Kaynaroglu* Action is in the process of being settled. Dismissal without prejudice or a stay for the short time it will take to complete the settlement process is viable - and warranted.

Similarly, in discussing *Anderson v. Electrolux Home Prods., Inc.*, No. 23-cv-560, 2024 WL 4284219 (W.D.N.C. Aug. 30, 2024), *report and recommendation adopted* 2024 WL 4279517 (W.D.N.C. Sept. 24, 2024, Plaintiff emphasizes the denial of dismissal while underplaying the fact that the Court applied the First-to-File Rule and stayed the action. Aside from it being unclear whether the Motion to Dismiss was based on First-to-File - it was filed under Rule 12(b)(6) months before the Motion to Stay - the stay was not merely "recommended" but was ordered by the District Court. 2024 WL 4279517, at *1. Notably, the 'forest' in *Anderson* is that it involved state law claims not made in the first-filed actions, yet the Court ordered the stay nonetheless. 2024 WL 4284219, at *7.

Plaintiff misstates the holding in *James v. LoanCare, LLC*, No. 2:15cv512, 2016 WL 10893949 (E.D. Va. Feb. 22, 2016) in saying the Court denied dismissal. (Dkt. 18, p.9). While the Court said it would not dismiss the matter, the Court expressly stated that during oral argument it "informed the parties that it found that the first-to-file rule applied and that *it would not allow the present action to proceed* simultaneous to the action in the Southern District of Florida." *Id.* at *1 (emphasis added). The complicating issue was that the Court preferred transfer, but the Florida court was an improper venue for the RICO claims in the second-filed action absent consent of the parties. *Id.* Once the parties consented, the matter was transferred. *Id.* at *2. Had the parties not consented, the Court clearly would have stayed the matter.

The *Alzeera* Action plainly fits under the First-to-File Rule. Without question, the *Kaynaroglu* Action was the first-filed, the parties substantially overlap, and the issues substantially overlap. Absent special circumstances which, as addressed below, Plaintiff has not shown, the Court can and should apply the First-to-File Rule in this matter and either dismiss this action without prejudice or stay it pending resolution of the *Kaynaroglu* Action.

2.  **Plaintiff Does Not Even Try to Show There are Special Circumstances Justifying Allowing Plaintiff to Proceed in Parallel and, Contrary to the Opposition's Argument, the Equities Favor Application of the Rule.**

Where the First-to-File applies, the party seeking to pursue a separate, later-filed, overlapping case must prove that special circumstances justify an exception to its application. *See Gonzalez*, 670 F. Supp. 3d at 342-43 ("The First-to-File Rule is generally followed, absent a showing of the 'balances of conveniences' or 'special circumstances.'"); *see also George Mason Univ. Found., Inc. v. Morris*, No. 11-cv-848, 2013 WL 6449109, at *5 (E.D. Va. Dec. 9, 2013) ("While the invocation of the first-to-file rule is the norm, when a court is presented with special or exceptional circumstances, or upon the showing of balance of convenience in favor of the

6

second action, a court may in its discretion depart from the first-to-file rule.") (internal quotation marks omitted). Plaintiff makes no effort to meet this burden – indeed he does not mention it – rather, he seeks to avoid the First-to-File Rule based solely on "the equities." (*See* Dkt. 18, pp. 10-12).

As to the equities, Plaintiff is reduced to creating yet more strawmen. Plaintiff opens this section of the Opposition by asserting that Avis is arguing that Plaintiff "must sign a settlement release in another case" to vindicate his rights[2] and that granting this Motion will result in him being "forced to abandon" this action. (*Id.*, p. 10). Neither is true, as the proposed dismissal would be without prejudice and, of course, Avis's proposed alternative relief is a stay. There is thus no prejudice to Plaintiff, as his rights are preserved by having filed the instant action and neither dismissing it without prejudice nor staying it will affect his rights.

The Court should summarily reject Plaintiff's arguments about prejudice to the putative class and collective. As to the class, it is black-letter law that the filing of a class claim tolls the limitations period for the putative class members. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552–53 (1974). Thus, neither the proposed dismissal without prejudice nor the proposed stay has any effect on them, i.e., granting the Motion does not prejudice those claims.

Assuming, *arguendo*, Plaintiff has standing to raise the rights of absent opt-in plaintiffs; i.e., absent parties to this Action, every member of Plaintiff's proposed collective is covered by the *Kaynaroglu* settlement. Critically, every member of the putative collective in this matter will get notice of their rights and the opportunity to opt in to *Kaynaroglu*. Avis's Motion simply has

---

[2] Avis proffered nothing more than that Plaintiff "can" opt into the *Kaynaroglu* settlement and vindicate his rights, not that he must. (Dkt. 10, p. 13).

no bearing on the running of these persons' limitations periods. Granting the Motion will not prejudice them.

Notably, Plaintiff does not address the prejudice that Avis has identified that would ensue should the Court permit the *Alzeera* Action to move forward while the *Kaynaroglu* settlement is in process. As Avis set forth in the Memorandum, allowing the *Alzeera* Action to proceed while the settlement in *Kaynaroglu* is progressing multiplies proceedings, increases costs, and creates a significant risk that the parties' and this Court's resources will be wasted in addressing the claims of persons that, shortly, will have resolved their claims. (Dkt. 10, p. 11). As Avis further noted, until the *Kaynaroglu* Settlement has been fully processed, it is not possible to know who is even in the collective (i.e., to whom notice even could be sent), or the proposed classes and, as to the latter, whether class certification will even be plausible as one cannot know if Plaintiff could satisfy the numerosity component of a Class Action. (*Id*., pp. 11-12). Finally, Avis noted that forcing it to litigate the claims of persons who will be offered the opportunity to resolve those claims and are very likely to do so, would impose a substantial and unnecessary burden on Avis, as well as squandering judicial resources. (*Id*., p. 13).

While Plaintiff does not address those concerns, he inadvertently demonstrates their validity and reinforces them. In particular, he specifically complains that granting the Motion will delay discovery. (Dkt. 18, p. 11). In doing so, he is effectively arguing that he should be permitted to put Avis to the cost of responding to discovery as to persons that, pursuant to an existing settlement agreement, may release their claims in short order. Aside from the waste inherent in responding with respect to anyone that releases their claims, Avis would object to discovery as to them, which may very well result in motion practice and the consumption of both the parties' and court's resources. Granting the Motion forecloses that issue.

Plaintiff further acknowledges that allowing this matter to proceed under these circumstances would force Avis to "raise release, claim splitting, or claims administration arguments later." (*Id*., p. 11). There is no point in forcing Avis to spend time and resources making those arguments, nor burdening the Court with them, when each can be forestalled by granting the Motion.

With respect to the conditions Plaintiff proposes if the Court grants a stay (*see* Dkt. 18, p. 12) Avis objects to an order tolling the FLSA limitations period. Should the Court be inclined to toll the limitations period, Avis respectfully requests that it be permitted to brief that issue so that the Court may decide it upon a fulsome record. In the meantime, however, Avis would note that, for a host of reasons, blanket tolling is inappropriate. Those reasons include, but are not limited to, the fact that Plaintiff lacks standing to raise the rights of party-plaintiffs that are not before the Court – as the Court knows, under the FLSA opt-in plaintiffs are parties - and, thus, is asking the Court to issue an advisory opinion which it may not do. Further, tolling is an equitable doctrine that requires individual determinations, i.e., employee by employee, as to whether there are extraordinary circumstances that would warrant tolling for the particular employee. There is nothing in the record to show such circumstances exist. In fact, it is hard to imagine what extraordinary circumstances could exist to justify tolling the limitations period for anyone that receives notice of the *Kaynaroglu* settlement and neither opts in nor brings their own claim. In the end, it is Plaintiff's burden to show that equitable tolling is warranted, and he has not, by any stretch of the imagination, met that burden.

As to the Court expressly preserving the claims of Plaintiff and those that are not Participating Settlement Collective Members under the *Kaynaroglu* settlement, which Plaintiff also seeks, Avis does not understand either what Plaintiff is asking for or why this is necessary.

The *Kaynaroglu* settlement only releases the claims of the persons that participate in it. To the extent this is a backdoor request for tolling, the Court should deny it. Subject to clarification from Plaintiff's counsel, Avis objects to this request.

Avis does not object to providing updates on the progress of the *Kaynaroglu* settlement as it progresses, should a stay be granted.[3]

## III.    CONCLUSION

For the foregoing reasons and those set forth in the Motion and accompanying Memorandum of Law, Avis respectfully requests that the Court apply the First-to-File rule and dismiss this action in its entirety, without prejudice. Alternatively, Avis respectfully requests that this Court stay this action pending resolution of the earlier-filed and broader overlapping *Kaynaroglu* Action.

---

[3] To that end, the approval hearing is set for Thursday, June 25.

Respectfully submitted,

Dated: June 24, 2026

*/s/ Shaun M. Bennett*

Shaun M. Bennett
VSB No. 93391
**LITTLER MENDELSON, P.C.**
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
703-442-8425 (tel)
703-552-0045 (fax)
smbennett@littler.com

William J. Anthony**
NJ Bar No. 005101992
**LITTLER MENDELSON, P.C.**
900 Third Avenue
New York, NY 10022-3298
(212) 471-4404 (tel)
(212) 832-2719 (fax)
wanthony@littler.com

Sean P. Dawson**
PA Bar No. 326085
**LITTLER MENDELSON, P.C.**
1 PPG Place, Suite 2400
Pittsburgh, Pennsylvania 15222
(412) 201-7601 (tel)
(412) 291-3366 (fax)
sdawson@littler.com

*Attorneys for Defendant*

***Admitted pro hac vice*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of June 2026 a true and correct copy of the foregoing was served and filed using the Eastern District of Virginia ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:


Robert Wesley Thayer Tucci
Gregg C. Greenberg
Zipin, Amster, & Greenberg LLC
8757 Georgia Avenue
Suite 400
Silver Spring, Maryland 20910
rtucci@zagfirm.com
ggreenberg@zagfirm.com


By: */s/ Shaun M. Bennett*
Shaun M. Bennett